(No. 75-CC-0127—)

JOSEPH KOWACZEK, SR., Administrator of the Estate of James Kowaczek, Deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 21, 1979.*

EDWARD L. COOPER, for Claimant.

WILLIAM J. SCOTT, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This matter comes before the Court upon the joint stipulation of the parties. The action has been brought by Joseph Kowaczek, Sr., as the Administrator of the Estate of James Kowaczek, deceased, seeking recovery for the wrongful death of the decedent. Both parties have stipulated to the following facts:

1. That on May 18, 1973, the Claimant's decedent, James Kowaczek, was admitted to Elgin State Hospital for treatment.

2. That at all times mentioned herein, the Respondent owned, operated and maintained Elgin State Hospital.

3. That at the time in question, Respondent was under a duty to diagnose and treat the decedent in accordance with the accepted standards of prevailing medical practice in the community.

4. That on May 18 and May 19 of 1973, the Respondent was negligent in that it failed to correctly diagnose the decedent's condition and failed to provide the decedent with adequate medical care.

5. That the above negligence was the proximate cause of the decedent's death on May 19, 1973.

6. That as a result of the Respondent's negligence and the consequent death of James Kowaczek, the

Claimant has suffered and is entitled to damages in the amount of $4,000.00.

The parties have further agreed that no further evidence will be introduced by either party, and that the right to a hearing and to file briefs has been waived. Claimant has also agreed that he will accept the award of $4,000.00 as full satisfaction of the claim.

It is the prerogative and duty of the Court to adjudicate for itself the issues of negligence, proximate cause and damages, and in so doing, it is not bound by facts agreed upon by the parties to the action. At the same time, the Court is not mandated to reject stipulations of facts and agreed amounts of damages; nor is the Court desirous of creating a controversy where none appears to exist.

Where, as in the instant claim, the Court is not called upon to decide between two contrary sets of facts and legal theories, the decision must rest upon the propriety and validity of the stipulation submitted by the parties. The stipulation in this case appears to have been freely and validly entered into by all parties concerned, with full knowledge of all the facts involved. It also appears that the stipulation has set forth uncontroverted facts which are sufficient upon which to grant an award. The Court finds also that the amount of the award is an appropriate and fair recovery for the Claimant, as it has no facts before it to otherwise indicate.

It is therefore the opinion of this Court that the Claimant, Joseph Kowaczek, Sr., Administrator of the estate of James Kowaczek, be, and hereby is, awarded the amount of $4,000.00.